```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANGEL HERNANDEZ,
                                                                    NOT FOR PUBLICATION
                    Petitioner,

        -against-                                                   MEMORANDUM AND ORDER
                                                                    08-CV-1781 (RRM)
DAVID NAPOLI, Superintendent,
Southport Correctional Facility,

                    Respondent.
----------------------------------------------------------X
MAUSKOPF, United States District Judge.
```

By petition dated March 16, 2008, pro se petitioner Angel Hernandez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1996 conviction in Kings County, New York.[1] The court grants petitioner's request to proceed in forma pauperis. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determines that the petition appears to be time-barred by the one year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Order, why the petition should not be dismissed as time-barred. The court's previous Order of May 9, 2008 (Docket No. 4), directing respondent to respond to the petition, is stayed until petitioner files his affirmation or the 60-day period has expired. All other proceedings in this matter are likewise stayed.

---

[1] The petition was originally filed on March 19, 2008, in the United States District Court for the Western District of New York. It was transferred to this court by Order dated March 24, 2008. Hernandez v. Napoli, No. 08-CV-231 (W.D.N.Y. Mar. 24, 2008) (transfer order).

## FACTS

The following facts are taken solely from the petition. Petitioner was convicted, upon his guilty plea, on charges of attempted aggravated assault of a police officer, second degree assault, and second degree robbery. Petitioner's judgment of conviction was entered in the Supreme Court of the State of New York, Kings County, on June 19, 1996. Petitioner received an aggregate sentence of nine to eighteen (9 – 18) years in prison. Petitioner never took an appeal of his conviction or sentence, nor did he, prior to the instant petition, file any other petition, application or motion with respect to his conviction or sentence.

## DISCUSSION

The AEDPA, signed into law on April 24, 1996, provides in relevant part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The petition appears to be time-barred under the AEDPA. Petitioner alleges that he pled guilty on June 19, 1996, and did not appeal from his conviction in state court. Petitioner's judgment of conviction therefore became final on July 19, 1996, thirty (30) days after he was sentenced, upon the expiration of petitioner's time to file a notice of appeal to the Appellate Division of the New York State Supreme Court. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (New York State conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Accordingly, petitioner had until approximately July 19, 1997 to file a timely habeas corpus petition. Petitioner filed the instant petition, dated March 16, 2008, more than ten years after the expiration of the AEDPA's one-year statute of limitations.

### Statutory Tolling

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208

F.3d 13, 16 (2d Cir. 2000) (per curiam). Petitioner avers that he did not file any post-conviction motions, petitions or applications; therefore, petitioner may not avail himself of § 2244(d)(2)'s tolling provision.

### Equitable Tolling

The limitations period may be equitably tolled if petitioner can demonstrate that (1) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (2) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers may be sufficient to establish potential basis for equitable tolling); but see Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). On the present record, the court can discern no basis for equitable tolling.

### CONCLUSION

Petitioner is therefore ORDERED to show cause, by written affirmation, within sixty (60) days from the entry of this Order, why the instant petition should not be dismissed as time-barred.[2] See Day v. McDonough, 547 U.S. 198, 209-11 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-25 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions)). Petitioner's affirmation should include any facts that would support tolling of the statute of

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

limitations. Petitioner should also attach to his affirmation copies of any documents that are relevant to his request to toll the statute of limitations.

As stated above, the court's previous Order (Docket No. 4) shall be stayed, along with all other proceedings in this matter, for sixty (60) days for petitioner to comply with this Order.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
May 22, 2008

ROSLYNN R. MAUSKOPF
United States District Judge